4th case of the morning call 208-857 People of the State of Illinois v. William Oliver McCall On behalf of the Appellant, Mr. Darren Miller On behalf of the Appellee, Mr. Richard Blunt Mr. Miller Your Honor, the Chief Counsel, thank you May it please the Court Good morning, Counsel Darren Miller on behalf of the Defendant, William McCall Your Honors, Mr. McCall is currently serving a prison sentence for what amounts to a total of 32 years based on the finding of guilt after bench trial of the offense of aggravated criminal sexual abuse being five counts of that and five counts of criminal sexual assault Essentially, the case boils down to the credibility of the child CM It's our position that CM's testimony is not credible that alternatively, if you find that her testimony is credible to sustain some convictions, that her generic testimony  will sustain all of the convictions and finally, that the hearsay that was admitted and properly admitted was due to the ineffectiveness of the trial counsel who was tantamount to plain error and requires a new trial I guess I'll start from the beginning CM was born March 28th, 1991 William McCall and Beth were married prior to that William and Beth divorced in October 15th, 1999 when CM was eight years old and then there was a period of time for about three years when William was not in contact with CM We're basically familiar with the facts counsel I would suggest, although I'm not going to order you to address the issue of what was inadmissible and how that related to lack of proof beyond the reasonable doubt Are you talking about the reasonable doubt issue or the hearsay issue? Well, you claimed when you opened your conversation You stated when you addressed the court a few minutes ago that there was much testimony that was inadmissible hearsay Yes Now, if there's inadmissible hearsay that should not have been considered it would seem reasonable to conclude that that would support your argument that the defendant wasn't proved guilty beyond the reasonable doubt as opposed to concluding that despite the inadmissible hearsay that the defendant was proved guilty beyond the reasonable doubt So that's how I came to ask you to hone in on the statements that you claimed were inadmissible and how that relates to whether or not the defendant was proven or not proven guilty beyond the reasonable doubt Okay Our position is there's essentially three major hearsay problems here The first one being a DVD of CM where she gives an hour-long statement of how she was abused and describing the nature of her alleged abuse The second one being when the state called the maternal grandmother, Beverly, to the stand and she testified regarding CM's initial disclosure to her purportedly how the minor disclosed that she had been treated like a wife rather than as a daughter and also Beverly's opinion that this disclosure was essentially conveying that CM had been sexually abused And then the third instance comes from the guardian ad litem, Mary Richgolds and she likewise testified regarding that CM told her that she was treated like a wife that William would lie in bed with her naked and William touched her breast and groin area All of these instances of hearsay weren't admissible What if the grandmother's statement had been admissible as non-hearsay to show why she called the jail to get the jail involved? Sure, but the court specifically noted that it was considering all of the statements and the DVD essentially to bolster the credibility of CM and for that purpose it's not admissible Normally you could presume that a trial court would use it for proper purpose Here it's on the record that it was not considered for the proper purpose Is that the same thing with the tape statement? Yes Because that is theoretically admissible to rebut an inference of recent fabrication? That is what the state argues I do not see that and I don't believe the state's cited any case law in support of that argument or any real argument in support of it other than just kind of tossing it out there I don't think that exception applies But the defense did at trial indicate that CM would tell stories and would do things of this nature, didn't they? Either in argument or in testimony? I'm sorry, I didn't hear your whole question Didn't the defense use as a defense that the child would make things up or was likely to make things up, had made things up? Sure, but for the prior consistent statements to rebut a charge that a witness is motivated to testify falsely It has to predate and here it doesn't Otherwise what you're looking at is every time any defendant, anyone accuses any defendant of doing anything, the defense says the person's not credible The state could just throw out all consistent statements and say we're in bolster the witness and just claim that this is just a prior consistent statement to rebut a charge of fabrication That's a little broad. They're not making this up. This happened during the course of an investigation What you're saying is if somebody makes this allegation as a defense, we'll just go out and make something up That's not what happened here with this DVD I'm not sure I'm following you All right, well let's go on to something else I'd like to answer your question Well, I guess I didn't pose it as a question, but let's go on to something else At any rate, the hearsay is clearly not admissible for what it appears the parties were assuming it was under, which was 115-10 And the statement concedes that that hearsay exception, which would allow for all this evidence to be admissible hypothetically, is not applicable Because CM was not under 13 years of age when she disclosed or when the abuse occurred And she certainly is not moderately retarded, which is the other exception under that statute I know the state's trying to pigeonhole it now after the fact, but I think clearly the hearsay issue was being admitted under that statute And actually, to be blunt about it, it appears that the state almost goaded defense counsel at least to put the DVD into evidence I mean, the defense counsel was merely in the process of impeaching CM with a prior inconsistent statement And the state objected and said, oh, we have no objection if you put the whole DVD into evidence And defense counsel agreed, and then the trial judge essentially said, so, state, this is your exhibit And they're like, oh, no, no, no, this is the defense exhibit I would assume that the state, it appears that the state was actually aware that this 115-10 is not applicable And was trying to put this on the defense to, looks like a counsel didn't know better, to put this in as their own exhibit Are you saying that had defense counsel not admitted the DVD into evidence, that maybe the result would have been different? Certainly. I don't think that, I don't believe the state would have even tried to have admitted the DVD Well, when I say result, I'm not talking about whether the DVD would be admitted, I'm talking about whether a finding other than the DVD Well, sure, the judge specifically stated that she relied on this to bolster the minor's credibility And the minor's credibility was a huge issue at trial I mean, she had a separate personality named Scarlett, she'd been priorly abused physically and sexually by someone not the defendant Her trial testimony was in conflict with what she disclosed in the DVD During the DVD, she said that she'd been abused every single time that she was with the defendant or her abuser And at trial, she completely backed away from that In fact, when you look at the original charges here, it took the state over a year after the DVD was made to even file charges And when they did file charges, they alleged that the conduct was between August 9th, 2003 and February of 2004 Which would have been consistent with her initial claim that she was abused every single time that she was with William Because that's when, in August of 2003, is when the visits started every other week It was November when they occurred every week, and eventually the state changed their charge So defense counsel did in fact use the evidence from the DVD to impeach the victim and argue that to the effect of it, correct? Inconsistent statements, yes. Prior inconsistent statements to impeach properly But what were the consistent statements that were detrimental to the defendant that were contained in the DVD? The major one was the number of times things happened. That was the big inconsistency that the defense was trying to point out, correct? Sure. Well, Jimmy, just the fact that it occurred and that he'd have her laying around naked and taking clothes off And that he inserted his finger inside her and fondled her breasts and there was an array of things, very highly prejudicial things that were consistent In fact, the judge said that she relied on it to bolster CM's credibility because CM's credibility was a major issue at this trial But she also, the trial judge also said she did not believe the testimony presented by the defendant, correct? Sure. I mean, it wasn't just CM's testimony was bolstered and therefore I find her credible Well, but by finding, I mean, I guess you can't find both of their testimonies to be credible I mean, you can't find the defendant and CM to be credible. It would be impossible Well, you can find both sides being incredible. There's a cliche that goes, there's three sides to every story Yours, mine, and the facts, such that the complainant and the respondent could both be telling falsehoods or inaccuracies Sure, that's possible So the trial court has the ability to find that everybody in front of it is not speaking the truth, the whole truth of the matter Sure. I mean, you've got, if you look at some of these stories, one thing the state didn't mention in their brief was the alcohol abuse And I don't know if I got the specifics here, but I believe she said that, testified that every time she was at Williams' house She was given wine, wine coolers, whiskey, beer, mudslides, and she told the guardian that, well, I had beer there a few times, but I didn't like it That's one example of just a bizarre story, and this bizarre story is coming from someone who clearly has serious mental problems And she has an altered personality, which she's been communicating with since she was four years old I don't know that we can really look at this as she's a rational, typical witness And when you've given her inconsistencies and her inability to even describe when the abuse occurred And the state's alleging that her father inserted his finger in her vagina on Christmas Eve She's not able to recall that with any degree of specificity And this is not a resident molester either, this is a situation where it's a non-custodial parent that the guardian was trying to work custody in with no history of abusing her And she can't recall the few weekends that she was there, the abuse that occurred This is not a case of a five-year-old who lives with a predator It's a completely different thing, which kind of brings me to the lecture issue regarding the state's proof of specific counts It's just not, they didn't prove the number of instances here Her testimony is too incredible and too vague to support that per lecture Getting back to the video, if defense counsel wanted to bring in this video, the inconsistencies in it And it's on a videotape, I mean it would be admissible, the prior inconsistent statements would be admissible as substantive evidence under 11510.1 It was videotaped Right, the inconsistent So the victim says in court, it happened not all the time, but then on the videotape she says it happened all the time That's an inconsistent statement that the court can then consider as substantive evidence, correct? As inconsistent But as substantive evidence Substantive inconsistent evidence Well essentially, I think the DVD, the grandmother's testimony, and the GAL testimony all had elements inconsistent with the victim's testimony When she sat on the stand Those things all should have helped you, or helped the defense case But in fact, the court made a decision that she did believe the child, notwithstanding the inconsistencies, and she did not believe the defendant How do we, how do we say that she was wrong? It could have helped, and you can say she was wrong because she was wrong I mean she specifically states on the record that she considered it for an improper purpose And to speculate what would have happened had defense counsel been effective and only put the inconsistent parts in Rather than just throwing it all out there and letting the whole world talk about whatever they feel like talking about I think it's that speculation, and when you look at the closely balanced nature of this case Or I don't even believe it was even proven reasonable in the first place The court didn't find it closely balanced Sure, but we're not bound by the court This court needs to look at the evidence And I think when you look at the evidence Clearly there's some huge issues here Mr. Miller, your time's up, you'll have an opportunity to make your rebuttals Thank you Good morning, your honors, may it please the court My name is Richard London, on behalf of the people of the state of Illinois I'll concentrate on the focus that this court directed towards counsel Unless the court asked otherwise The question of the admissibility of evidence and how that interplays with The question of whether or not the defendant was convicted beyond a reasonable doubt We have to look at more than just the tape, more than just the guardian in light, and more than just the grandmother And I'll get to a minute on what consideration the court appeared to give or not give We have to look at not only the trial testimony of the victim CM We also have to look at the fact that the trial judge said that the major corroborative factors That he considered was also the testimony of the treating psychiatrist So we don't just have CM as corroborated by either the tape or the guardian of the grandmother We have the fact that her subsequent conduct, the mental health issues The attempts at suicide, the attempts at harming herself Were all found to be completely consistent with this type of offense And the psychiatrist spoke strongly to that, as did, to be honest, the defense expert Who, while he came up with the potential theory of, again, what was called a rubric That children in these circumstances in divorce cases would lie When cross-examined, the studies actually all showed that the facts of the instant case Were consistent with cases where the child was not lying Where it was consistent that they had demonstrated sexual offenses So let's look at the context of all of the evidence, not just the complaint of evidence So we had a lot more than just Well, Mr. Bond, would you agree that each of the three items of evidence that are objected to here Established inconsistencies with the victim's testimony Definitely, and again, that was the point that people made in their briefing we'll make again today Is, it was defense that admitted, or asked to be admitted, two of the three The guardian was called by defendant, the DVD was admitted by the defense Why would the defendant do that, or why would defense counsel Because indeed it was in an attempt to establish inconsistencies So, we look at two things One, did the judge properly consider Well, yeah, the judge properly considered Because defendant raised the evidence And of course the people weren't going to object And two, it was, well we didn't argue it Well, was the defendant presenting it as impeachment or as substantive evidence Well, defendant is presenting as impeachment, but it can be considered as substantive evidence Why can't it be considered substantive If it's a prior inconsistent statement And again, I believe it is 11510-1, which allows for the consideration of Prior recorded Prior recorded I don't think there has to be an acknowledgement that the party making the statements acknowledges as it being accurate Did that happen? Or at least that the recording was made In other words, there's a foundational requirement to have it admitted as substantive evidence, was it? I don't Your Honor, to be honest, I'm not 100% I know for a fact that CM was not cross-examined on the specifics of the tape And asked whether or not she had said that I honestly don't recall whether or not she was asked if she had spoken previously I do believe there was some testimony regarding to a prior statement But I honestly don't recall how specific that was Also, though, under people versus banks, case that I did not cite below But I would like to bring to the court's attention It is this court's decision in 2007 Banks BNKS 378 Gillette 3rd 856 The court basically says that When there's no objection to otherwise an invisible hearsay It can be given its natural appropriate of the fact can be considered substantive We're here I don't recall the first name Was that written by Justice O'Malley? Related to the certification of lack thereof of a breathalyzer? Your Honor, it may well have been And again, I apologize I know the facts of what was admitted I don't know under what circumstances I believe that is the case Because it does refer to an agreed statement What it related to was whether or not the results of a breathalyzer That hadn't been certified with a proper foundation Was substantive evidence and admissible And the point was this defense counsel never objected to a lack of foundation And therefore, even though it was hearsay Without an objection as to its inadmissibility It was allowed to go in to prove whatever reasonable minds might deem it to establish I would suggest under analogy That this could be an alternative method of consideration of substantive evidence But again, regardless, the fact simply is that We had a circumstance where defendants admitted the evidence Based on the concept that he was attempting to argue That there were inconsistencies in the statements The fact that the judge took the defense argument and disagreed with And said, well, wait a second I find that that actually further corroborates the testimony of CM As supported by the psychiatrist Is, you know, a trial strategic decision that, you know Failed to have the impact which is an acquittal of the defendant But it wasn't for lack of the attorney's effectiveness It was for the fact that the trial judge believed CM Believed the psychiatrist and disbelieved the defendant Again, the defendant did not point to any specific information In any of the objected testimony that was harmful So if we go further and say, well, okay None of these should have been admitted or was error to admit Or counsel should not have brought it in The question is, was there harm in its admission And the people would assert that, no, there wasn't That the judge clearly found CM credible Clearly found that she was corroborated by the treating physicians Clearly found the defendant was not credible Did she, I mean, counsel has said several times That she said that the three items of testimony Or the three items of evidence bolstered her Are we using that, that's a bad word when we talk about these types of things That impacted the credibility I actually believe that's an error And again, I apologize, I don't have the record with me I do believe that the judge specifically excluded one And I don't recall if it was the guardian or the grandmother I believe the judge specifically said I'm not considering one of them But to the extent that the judge said she was considering the other facts We presume in a bench trial as opposed to a jury The judge is considering for the appropriate purposes And the statement from the judge did not say I'm considering as substantive evidence The judge said I'm considering Well, the judge should consider all of the evidence that was raised Considering the fact that even if they didn't Even if she wasn't considering as substantive evidence She should consider the defendant's argument That there was inconsistent statements And the judge said based on everything that I heard Based on the argument of counsel Pointing out all of the purported inconsistencies I still find that the evidence was overwhelming And that CM's testimony was more than sufficient As corroborated by the psychiatrist And I emphasize that because that's what the judge said Well, regarding the sufficiency of the evidence Of the number of offenses and specific number of offenses You do point out in your brief on page 38 That the questions asked at trial were not as specific as they could have been And in the victim's testimony We have her saying that the digital penetration happened a lot It happened most weekends she was there And it happened after the first month or so of visits It varied as to when the digital penetration took place And there's even, I guess, arguably less specificity As it relates to the abuse charges as opposed to the assault charges I mean, would you agree And then you argue that the tape clears that up to some degree But would you agree that based upon only the testimony and the record That there's a problem as to five specific counts of digital penetration? Yes Okay If we are to totally discount the tape, the prior interview There are problems So in the prior interview You're arguing it was admissible as substantive evidence So we can consider that as far as the number of times Yes Well, you just argued that there was no harm in the admission of this tape There's four counts of harm with consecutive sentences Because if the tape isn't admitted, he's guilty of one count If the tape's admitted, according to your argument, he's guilty of five counts But a few minutes ago you argued there was no harm in the admissibility If defense counsel's saying, hey, let it in, there's no harm Well, I see a little harm there Without being able to play the tape back right now I think I said, and again, please let me clarify To the extent if I said there's no harm from the admission Let me clarify, I believe I said that defendant hasn't argued or pointed out any harm So again, the point is that you asked a more direct question And yeah, the answer is there is If we are to exclude the tape, there is harm I'm suggesting the defendant didn't point that out And I do believe that it should be admitted as substantive evidence Therefore, there shouldn't be any harm because it was properly admitted If we take the step that one, regardless of whether or not the defendant raised it But if the tape was not properly admitted as substantive evidence, we have harm We would basically lose the additional four counts of the aggravated sexual abuse Why? Because at trial there was only reference to one incident of fondling The questions, and I would have asked them differently, but we deal with what we have The question was not asked on how many weekends was there fondling that occurred So we would lose those four counts The question that is much more up in the air would be the additional counts of sexual assault Without the tape, we have language, and specifically I would refer The relevant language would be at pages 691 through 708 More specifically, I believe at page 700 But those parameter pages 691 to 708 would be the specific testimony the court should look at The victim asked specifically the questions as asked Responded that the defendant inserted his finger in her vagina most weekends With the proviso that it was after she started visiting every weekend as opposed to every other weekend So we now have a parameter that we have the difference between the tape That's at every weekend, we have the every or most weekends So under Letcher, what do we need to establish specific counts or specific numbers? And the people would posit that we need to establish what type of conduct occurred Letcher discussed, well, we don't want indecent liberties, we want to know specifically We have that, we have the insertion of finger in vagina, clearly sexual assault We need a reasonable time frame, we have that here We have November of 2004 through when she stopped weekly visits Which would have been the last weekend in February of 2005 The people narrowed it even further So then the more specific question is numbers Jones cited in Letcher says we don't need a number five We don't need to say a number, you know, specific times We don't need to point to a particular weekend, a particular date Saying something such as every time or almost every time is sufficient To be honest, the people look long and hard to try to come up with can it support a specific number And to be honest, the people have to suggest we can't We can't say 13, we can't say 6 What we can say is under the theory of Letcher We have November 2004 through February 2005 CM testified that the conduct occurred approximately a month after weekends changed Visits changed every other weekend So we then have December and January, I'm sorry, December of 2004, January and February of 2005 12 to 13 weekends We have a statement that happened, may I continue? Yes That happened almost every weekend So mathematically and logically and under Letcher We have, it occurred multiple times So it certainly occurred more than once But if we only look at trial testimony We then have to say, well, it occurred less than 13 So it's somewhere between 1 and 13 I thought you said 2 and 13 because it happened more than once I'm sorry, correct Well, between 1 and 13, yes, 2 and 13 times It wasn't, well, it was a couple times, it was half the time It was almost every time So we suggest that that does speak to more than half So that arguably it should be more than 7, less than 13 But certainly under any reasonable circumstances It would speak to, again, multiple times So we would say greater than 3, less than 13 I would love to be able to say we definitively proved 5 All 5 of the counts based on trial testimony Again, to be honest, I can't say that I'd say that the logic implies it That Letcher seemed to suggest it's sufficient But that more than 3, less than 13 Is somewhere where this Court would have to decide If and only if it excludes the type of substantive evidence Thank you, sir, your time is up Thank you, Your Honors Just briefly about the Letcher issue I don't think that the evidence is anywhere near as clear As the State's making out to be Without the tape, what do you say the number's at? I know your brief says 1 Well, that's the problem, I mean, it was the State's burden We have no idea what the number is It's still based upon the evidence I mean, in Letcher, we looked at the evidence And we came up with a number that the evidence supported I mean, what are you telling me the evidence supports? Well, that's kind of what I'm getting at Also in Letcher, they cited a case called Pierre It's from Nevada And Letcher cited that for the proposition That even specific testimony That acts occurred more than 10 times Is insufficient to sustain 10 convictions Where she later said she was unsure About how many times it occurred So in that case, even where the minor gave a specific number And then said she wasn't sure That created enough doubt that it was insufficient Here, CM testified that she couldn't recall When the abuse occurred She couldn't give the dates when it was occurred The State didn't bother to ask when the abuse occurred Maybe for good reason Maybe they knew the answer And when you look at the dates The visits turned to every weekend Starting, I believe, November 9th I believe it was November 28th When CM told the Guardian Adelina That she wasn't eating because she missed her dad so much I find it hard to believe That if she's being abused on November 28th That she would not be eating because she missed her dad so much She also said that the abuse began Between one and three months after November 9th So that could be anywhere from December 9th To February 9th And even then, she spoke of sexual conduct Not the specific abuse And she said the conduct was gradual She said that for a while The defendant would have her laying naked And then eventually the defendant went to his underpants And then sometime after that While the defendant was in his underwear These acts occurred You have to keep in mind It was the State's burden to prove these allegations It's not this court's burden To repiece it and to pigeonhole evidence You have to look at the evidence All of the evidence Not just pick out little pieces of evidence In favor of the State Do you recall if the child was asked If the pre-recorded statement was in fact her statement? The DVD For purposes of establishing the admissibility of it as substantive evidence? I don't recall that particular question, no It's not so much a question as Do you recall whether or not the foundation was laid for its admissibility as substantive evidence? No So, your honors Ultimately it's the State's burden to prove all these counts Her testimony is all over the place Per Pierre, which was cited by this court Even if she had said specifically This occurred five times Once she started saying that she can't remember And is not sure The problem here She said it occurred ten times Then, when asked about those ten times She couldn't remember either the detail or the actual event Here, she has not testified that it occurred ten times or five times She said it happened almost every time Over a three month period I don't believe she testified that it happened almost every time She testified that it was a lot It varied She didn't recall when it happened The testimony in Pierre is more specific Here, she's very vivid in general That's the problem When you say it happened ten times and these are the ten times And then on cross-examination you're asked What happened on this first time? Well, I don't remember That is problematic Sure, and it was problematic In my position, it's even more problematic Where the state doesn't bother to prove Even the number of times in the first place Proving the specific number of times As the state, I believe, had been conceded He would have done it differently That would have been better evidence There would be no reason to impeach About the specific number of times When that evidence wasn't even presented in the first place Okay, your time is up Thank you, Your Honor The cases have taken their advisement